UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SONDOS ASHOOR, *Individually*, and on behalf of N.A., her minor daughter, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  CAUSE NO. 1:24-cv-00274-HAB-SLC |
| PAGE TRANSPORTATION, INC., *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion to compel filed by Defendants Page Transportation, Inc., and Lance E. Cooney ("Defendants"), seeking to compel nonparty Parkview Ortho Express Walk In Clinic ("Parkview"), to comply with a subpoena *duces tecum*. (ECF 31). Neither Plaintiffs nor Parkview have filed a response to the motion, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Accordingly, Defendants' motion is unopposed. For the following reasons, Defendants' motion (ECF 31) will be GRANTED.

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(A)(iii), a subpoena may command any person to whom it is directed to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control . . . ." While a person commanded to produce documents may object to a subpoena, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Further, pursuant to Rule 45(c)(2)(A), any such subpoena may only command production "within 100 miles of where the [subpoenaed] person resides, is employed, or regularly transacts business in person . . . ." Finally, Rule 45(d)(2)(B)(i) provides

that "[a]t any time, . . . the serving party may move the court for the district where compliance is required for an order compelling production or inspection."

While "[t]he definition of the phrase 'where compliance is required' is unclear," *Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017) (collecting cases), this Court and others within this District have interpreted the phrase to mean the place where delivery of the subpoenaed documents is required. *See Agri-Labs Holdings, LLC v. TapLogic, LLC*, No. 1:15-cv-00026-RLM-SLC, 2015 WL 13655779, at *1 (N.D. Ind. Oct. 20, 2015); *People's Bank, Inc. v. Reliable Fast Cash, LLC*, No. 2:16-CV-399-RL-JEM, 2018 WL 3928991, at *1 (N.D. Ind. July 5, 2018); *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-cv-00268, 2014 WL 12780298, at *3 (N.D. Ind. Nov. 20, 2014).

Here, Defendants served the subpoena on January 16, 2025, to Parkview at 3946 Ice Way, Fort Wayne, Indiana, and directed Parkview to produce the subpoenaed documents by mail to Defendants' counsel's office at 6801 Gray Road, Suite H, Indianapolis, Indiana, within thirty days. (*See* ECF 31 Ý 1; ECF 36-1). The distance between these two points is 133 miles by road according to Google Maps, which is in excess of the 100-mile limitation of Rule 34(c)(2)(A). *See Cloe v. City of Indianapolis*, 712 F.3d 1171, 1177 n.3 (7th Cir. 2013) ("We have taken judicial notice of—and drawn our distance estimates from—images available on Google Maps, a source whose accuracy cannot reasonably be questioned, at least for the purpose of determining general distances." (internal quotation marks and citation omitted))*, overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).

Having said that, "[m]any federal courts nationwide have confirmed that Rule 45(c)'s 100-mile rule does not apply to a subpoena that seeks only documents and data that . . . does not require travel or in-person attendance of any witness[]." *Linet Ams., Inc. v. Hill-Rom Holdings,*

2

*Inc.*, No. 21 C 6890, 2025 WL 889579, at *3 (N.D. Ill. Jan. 27, 2025) (collecting cases); *see also Allstate Ins. Co. v. Orthopedic, P.C.*, 1:22-mc-00016-JPH-MJD, 2022 WL 715434, at *3 n.2 (S.D. Ind. Mar. 9, 2022) ("[T]he 100-mile limit . . . does not apply where documents can be mailed and do not require personal appearance." (citations and internal quotation marks omitted)); *Ott v. City of Milwaukee*, 274 F.R.D. 238, 242 (E.D. Wis. 2011) ("[B]ecause [the plaintiff's] subpoenas are for the production of documents, the State agencies presumably do not have to travel in order to comply with the request." (citation omitted)). Here, the subpoena seeks only the production of documents, and thus, the Court concludes that the 100-mile rule does not bar the subpoena in this instance. As a result, Defendants' subpoena complies with Rule 45's procedural requirements, and Parkview has waived any basis for quashing the subpoena by failing to raise a timely objection. *See Whitlow v. Martin*, 263 F.R.D. 507, 510 (C.D. Ill. 2009).

Therefore, Defendants' motion to compel (ECF 31) is GRANTED. Parkview is ordered to comply with the subpoena *duces tecum* (ECF 36-1) within fourteen days of receipt of this Opinion and Order. The Clerk is directed to forward a copy of this Opinion and Order to the Parkview Ortho Express Walk In Clinic, 3946 Ice Way, Fort Wayne, Indiana 46808.

SO ORDERED.

Entered this 2nd day of June 2025.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge